## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERTO LUCERO-VALENZUELA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [24] MOTION FOR HARDSHIP CREDIT FOR HARD TIME SERVED**<br><br>Case No. 2:20-cr-00234<br><br>District Judge David Barlow |

On September 17, 2021, Defendant filed a Motion for Hardship Credit for Hard Time Served (Motion).[1] Defendant asks the court to grant a hardship credit for time served by granting him two days of credit for every one day served.[2] In essence, Defendant asks the court to reduce his sentence because of the conditions at the correctional facility during the COVID pandemic. Liberally construing[3] the motion, it resembles a challenge to the conditions of confinement under the Eighth Amendment.

This court does not have inherent authority to modify a defendant's sentence.[4] A district court may only modify a sentence under specific situations authorized by statute.[5] "There is no

---

[1] ECF No. 24.

[2] *Id.* at 3.

[3] *See United States v. McKye*, 737 Fed. App'x 386, 389 n.1 (10th Cir. 2018) ("Because Mr. McKye is pro se, 'we liberally construe his filings, but we will not act as his advocate.'" (quoting *James v. Wadas*, 724 F.3d 1312 (10th Cir. 2013)).

[4] *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).

[5] *United States v. Johnson*, 766 Fed. App'x 648, 650 (10th Cir. 2019) (quoting *United States v. Mendoza*, 118 F.3d 707,709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authority.")).

federal statute that permits shorter sentences for inmates serving 'harder' time in certain prisons."[6] Because there is no authorizing statute, the court does not have authority to grant the relief Defendant seeks. Additionally, the court further notes that the motion does not explain which, if any, of the alleged conditions Defendant has personally experienced.

To the extent Defendant wishes to challenge the conditions of his confinement, he "must do so through a civil rights action."[7] Such an action cannot be brought through a motion filed in his underlying criminal case but must be brought in the court having jurisdiction over the relevant actors, which would be in the district of confinement.[8]

Accordingly, Defendant's motion is DENIED without prejudice.

DATED October 6, 2021.

BY THE COURT:

David Barlow
United States District Judge

---

[6] *United States v. Nevarez-Ledezma*, 19-179 KG, 2021 WL 4430157, *1 (D. N.M. Sep. 27, 2021) (citing additional cases supporting the same).

[7] *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993).

[8] *See United States v. Ramirez*, 2021 WL 1736872 (D. Kan. May 3, 2021) (discussing that a challenge to conditions of confinement must be asserted as a civil rights lawsuit "in a district with jurisdiction over such persons") (citing *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)).